IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Ricky Lafayette Murray, #104571,      ) | |
| ) | C/A No. 0:07-CV-3960-DCN-RSC |
| Petitioner,      ) | |
| ) | |
| v.      ) | **ORDER and OPINION** |
| ) | |
| E. Richard Bazzle,      ) | |
| ) | |
| Respondent.      ) | |
| _____) | |

This petition for a writ of habeas corpus, brought pursuant to 28 U.S.C. § 2254, is before the court upon the magistrate judge's recommendation that respondent's motion for summary judgment be granted and petitioner's request for habeas corpus relief be denied. The record includes a Report and Recommendation ("Report") of the United States Magistrate Judge made in accordance with 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, the court adopts the Magistrate Judge's Report and grants respondent's motion for summary judgment.

## I. BACKGROUND

Proceeding pro se, plaintiff seeks relief pursuant to 28 U.S.C. § 2254 on the ground that his parole was revoked without the benefit of a valid waiver of his right to counsel. According to petitioner, the allegations against petitioner presented by the parole agent were complex and difficult to present without the benefit of counsel. The court adopts the magistrate judge's thorough recitation of the facts and procedural history.

In April 1992, petitioner was paroled less than eleven years into a life sentence.

1

R&R 2. On August 18, 1994, petitioner pled guilty to possession of crack cocaine and was sentenced to five years. R&R 2. On March 6, 2000, petitioner was charged with violating several conditions of his parole. R&R 2-3. On June 1, 2000, petitioner signed an acknowledgment of his final parole violation hearing which included notice of his right to retain counsel. R&R 3. On June 14, 2000, petitioner's parole was revoked by a three panel member of the Parole Board. R&R 3.

Petitioner then filed an application for post-conviction relief. The PCR court found that post-conviction relief was not an appropriate remedy and dismissed the case. R&R 4. The South Carolina Supreme Court reversed this order and remanded for an evidentiary hearing on the matter. R&R 4. Following the evidentiary hearing at which petitioner testified and he was represented by counsel, the PCR court denied relief. The South Carolina Supreme Court denied the petition for a writ of certiorari.

Petitioner filed this action December 11, 2007. It is undisputed that petitioner exhausted the remedies available in the state courts as required by 28 U.S.C. § 2254(b).

## II. STANDARD OF REVIEW

This court is charged with conducting a <u>de novo</u> review of any portion of the magistrate judge's Report to which a specific objection is registered and may accept, reject, or modify, in whole or in part, the recommendations contained in that Report. <u>See</u> 28 U.S.C. § 636(b)(1). A party's failure to object is accepted as agreement with the conclusions of the magistrate judge. <u>See</u> <u>Thomas v. Arn</u>, 474 U.S. 140 (1985). This court is not required to review under a de novo standard, or any other standard, the factual findings and legal conclusions of the magistrate judge to which the parties have

not objected. See id. at 149-50; see also McCarthy v. Manson, 714 F.2d 234, 237 (2d Cir. 1983) (stating that "[w]hen a party fails to object timely to a magistrate's recommended decision, it waives any right to further judicial review of that decision). General objections will not suffice to obtain judicial review of a magistrate judge's findings. See Howard v. Secretary of Health & Human Servs., 932 F.2d 505, 508-09 (6th Cir. 1991).

Summary judgment shall be granted when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56. "At the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). The trial judge will grant summary judgment "if there is no genuine issue as to any material fact and if the moving party is entitled to judgment as a matter of law." Id. The judge is not required to make findings of fact. See id. Rather, the threshold inquiry is whether "there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Id. Summary judgment provides an avenue "to isolate and dispose of factually unsupported claims or defenses." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

### III. DISCUSSION

Under 28 U.S.C. § 2254(a), the court has jurisdiction to hear a petition for a writ

of habeas corpus made on behalf of a person in custody pursuant to the judgment of a state court. That jurisdiction may be exercised only for the purpose of determining whether that person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The court's power to grant habeas relief is limited by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1213, as codified at 28 U.S.C. § 2254(d). Section 2254(d) provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The phrase "clearly established Federal law[] as determined by the Supreme Court of the United States" means "the holdings, as opposed to the dicta, of [the Supreme Court's] decisions as of the time of the relevant state-court decision." Williams v. Taylor, 529 U.S. 362, 412 (2000); see Frazer v. South Carolina, 430 F.3d 696, 703 (4th Cir. 2005).

A state court's decision is contrary to clearly established federal law if: (1) the state court arrived at a conclusion opposite to that reached by the Supreme Court on a question of law; or (2) the state court confronted facts that are materially indistinguishable from a relevant Supreme Court precedent and arrived at an opposite

result.  Williams, 529 U.S. at 405.  A state court's decision involves an unreasonable application of clearly established federal law if: (1) the state court identified the correct governing legal rule but unreasonably applied it to the facts of the particular state prisoner's case; or (2) the state court either unreasonably extended a legal principle to a new context where it should not apply or unreasonably refused to extend that principle to a new context where it should apply.  Id. at 407.  An application of federal law is not "unreasonable" simply because a federal court concludes, using its independent judgment, that the state court erred.  Id. at 410-11.  "'[A]n unreasonable application of federal law is different from an incorrect application of federal law,' because an incorrect application of federal law is not, in all instances, objectively unreasonable."  Humphries v. Ozmint, 397 F.3d 206, 216 (4th Cir. 2005) (quoting Williams, 529 U.S. at 410).

The Supreme Court has determined that in parole revocation hearings "the need for counsel must be made on a case-by-case basis in the exercise of a sound discretion by the state authority charged with responsibility for administering the probation and parole system."  Gagnon v. Scarpelli, 411 U.S. 778, 790 (1973).  The Court went on to say that although representation will be constitutionally unnecessary in most revocation hearings, "there will remain cases in which fundamental fairness . . . will require that the State provide at its expense counsel for indigent probationers or parolees."  Id. (emphasis added).  The Court noted that it would be impossible to formulate a detailed set of guidelines to determine when the presence of counsel is necessary.  Id.  According to the Court,

> [p]resumptively, it may be said that counsel should be provided in cases where, after being informed of his right to request counsel, the probationer or parolee makes such a request, based on a timely and colorable claim (i) that he has not committed the alleged violation of the conditions upon which he is at liberty; or (ii) that, even if the violation is a matter of public record or is uncontested, there are substantial reasons which justified or mitigated the violation, and that the reasons are complex or otherwise difficult to develop or present.

Id.

The state court decision was not contrary to clearly established federal law. Because petitioner was not indigent, R&R 13, the protections provided by the Court in Gagnon did not apply to him. See Gagnon, 411 U.S. at 790 (holding that in certain cases "the State will be required to provide at is expense counsel for indigent probationers and parolees"). Petitioner was informed of his right to counsel and did not request one. R&R at 12. Petitioner signed the acknowledgment of notice advising him of the revocation hearing which also included notice of the right to retain counsel. R&R 13. Moreover, petitioner failed to show that the reasons which justified or mitigated the violations were complex or difficult to present. See Gagnon, 411 U.S. at 790.

Accordingly, the state court decision was not contrary to clearly established Supreme Court precedent. Petitioner is not entitled to relief and respondent's motion should be granted.

## VI.  CONCLUSION

For the forgoing reasons, the court adopts the magistrate judge's report and recommendation. It is hereby **ORDERED** that respondent's motion for summary judgment be **GRANTED** and petitioner's request for writ of habeas corpus be **DENIED**.

_____
**DAVID C. NORTON**
**CHIEF UNITED STATES DISTRICT JUDGE**

**April 30, 2009**
**Charleston, South Carolina**